UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HENRY L. WILLIAMS, SR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 05-211 (RCL) |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, U.S. Dept. of Homeland Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This employment discrimination case comes before the Court on a Motion [3] for Partial Dismissal filed on behalf of defendant Michael Chertoff, Secretary, Department of Homeland Security. Plaintiff brought suit alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; as well as race discrimination, including hostile work environment, in violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-5, *et seq*. Defendant argues that all alleged incidents which did not occur within the 45 day period prior to the filing of the Equal Employment Opportunity Commission ("EEOC") complaint are not actionable under Rule 12(b)(1) for failure to exhaust administrative remedies. Defendant also avers that plaintiff failed to plead a sufficient hostile work environment claim and therefore it must be dismissed pursuant to Rule 12(b)(6). Upon consideration of defendant's motion, the opposition thereto, the reply, as well as the relevant law, the Court dismisses all claims of race and age discrimination except for those claims predicated on the suspension, for failure to exhaust administrative remedies. Furthermore, the claim for

retaliation is dismissed for failure to state a claim for which relief can be granted. However, the Court will not dismiss the hostile work environment claim.

## BACKGROUND

Plaintiff Henry Williams is a 49 year old, African-American male who has been employed as an officer in the United States Secret Service Dignitary Protective Division. Compl. ¶ 5. Plaintiff avers that on March 3, 2002, Sgt. Anthony Angerome demeaned plaintiff over the official radio system and accosted him on a public street corner. Id. ¶ 6. Plaintiff felt that this confrontation was predicated on race and told Sgt. Angerome that he was a racist. Id. ¶ 8. Thereafter, Cpt. Michael Carey proposed that plaintiff be suspended for ten days. On May 21, 2002, plaintiff's supervisors ("management") confiscated plaintiff's weapon and put him on limited duty, thereby eliminating his opportunity to work overtime. Id. ¶ 15. On June 12th, 27th, and 28th, plaintiff completed a Fitness-for-Duty Examination at management's direction. Id. ¶ 17. Upon management's order, plaintiff also attended an anger management class and met with an Employee Assistance Program ("EAP") counselor. Id. On July 23, plaintiff returned to active duty. Id. On November 14, 2002, management sustained the previously proposed suspension. Id. ¶ 18. Thereafter, on November 20, plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor and filed a formal complaint with the EEOC on March 26, 2003. Id. Def.'s Mot. Dismiss 3. This action was filed on January 28, 2005.

## DISCUSSION

**I.      Plaintiff Failed to Timely Exhaust Administrative Remedies.**

Defendant maintains that this Court lacks subject matter jurisdiction to adjudicate the majority of plaintiff's claims and moves to dismiss pursuant to Rule 12(b)(1). It is well settled

that federal employees must exhaust their administrative remedies prior to bringing suit under Title VII.  See, e.g., Brown v. GSA, 425 U.S. 820, 832 (1976).  Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction.  Artis v. Greenspan, 158 F.3d 1301, 1302 (D.C. Cir. 1998).

Defendant characterizes the failure to bring timely administrative action as a jurisdictional bar to recovery.  While the administrative time requirements may not impose a barrier to bringing suit, the party nonetheless must satisfy the requirements set out by the EEOC.  Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003).  The Code of Federal Regulations requires that an aggrieved person who feels that he has been discriminated against on the basis of race "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. §1614.105(a)(1).  Moreover, while age discrimination is not explicitly addressed in §1614.105, an aggrieved person who opts to assert his rights through administrative channels, is bound by the relevant administrative regulations such as the statute of limitations.  Price v. Greenspan, 374 F.Supp. 2d 177, 186 (D.D.C. 2005) (Lamberth, J.).

Most of plaintiff's claims for age and race discrimination fail because plaintiff failed to initiate contact with an EEO counselor within 45 days of the alleged discrimination.  To be actionable, the alleged discrimination must have occurred after October 5, 2002.  Almost all the alleged discriminatory incidents, however, occurred prior to that date.  The confrontation between plaintiff and Sgt. Angerome occurred on March 3, 2002.  Plaintiff was on limited duty between May 21 and July 23.  During that time period, plaintiff also attended the anger management classes and took the Fitness-for-Duty Examinations.  The only allegedly discriminatory action that took place within the prescribed time period was the suspension.

Plaintiff failed to bring his claims regarding the alleged age and race discrimination to the EEO Counselor in a timely manner. As timely exhaustion of administrative remedies is a prerequisite to claims under ADEA and Title VII, plaintiff's individual claims for events occurring before October 5, 2002 are barred.

## II.     Failure to State a Claim for which Relief could be Granted.

Defendant also moves to dismiss the hostile work environment and retaliation claims for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Rule 8(a)(2) requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." In an employment discrimination case, the "plaintiff need not set forth the elements of a prima facie case at the initial pleading stage." Sparrow v. United Airlines, Inc, 216 F.3d 1111, 1111 (D.C. Cir. 2000). The Court will not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, at this stage of the proceedings, the Court accepts as true all of the complaint's factual allegations, and draws all reasonable inferences in favor of plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the movant is entitled to judgment if there are no allegations in the complaint which, even if proven would provide a basis for recovery. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

### A.     Retaliation

To the extent that plaintiff has attempted to plead a claim for unlawful retaliation, that claim is dismissed. For a retaliation claim, plaintiff must establish that (1) he engaged in a statutorily protected activity; (2) the employer took adverse personnel action; and (3) a causal

connection existed between the two.  Rochon v. Ashcroft, 319 F.Supp. 2d 23, 30 (D.D.C. 2004) (Lamberth, J.).  To show adverse personnel action, plaintiff must demonstrate that there was a tangible change in the duties, conditions, or terms of employment, which constituted a material employment disadvantage.  Id. (citing Stewart v. Evans, 275 F.3d 1126, 1134-35 (D.C. Cir. 2002)).

Plaintiff alleges that the retaliation occurred in the form of superiors berating him for not issuing a sufficient number of tickets despite an informal policy to the contrary.  Compl. ¶ 23.  Plaintiff also alleges management told other employees that he had cursed at his supervisors and could be terminated or reprimanded.  Id.  These allegations are insufficient to establish retaliation because they do not constitute an adverse personnel action.  Plaintiff has not demonstrated that management acted in a way that materially disadvantaged his employment.  To show a material disadvantage, plaintiff would have to demonstrate a significant change in his employment status such as termination of employment, failure to promote, "reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Walker v. Washington Metro. Area Transit Auth., 102 F.Supp. 2d 24, 29 (D.D.C. 2000).  Plaintiff only alleges an informal reprimand and rumors.  Since plaintiff fails to plead anything resembling an adverse employment action, the claim for retaliation is dismissed.

### B.     Hostile Work Environment

Plaintiff has pleaded enough allegations regarding a hostile work environment to survive a motion to dismiss.  Plaintiff avers that he is a member of a protected class, was subject to unwelcome harassment, the harassment occurred because of his race, and the harassment affected the terms and conditions of employment, and the employer knew or should have known about the

harassment. Furthermore, plaintiff sufficiently alleges enough incidents of alleged discrimination to set forth a claim of hostile environment. These incidents may provide the foundation for a hostile environment claim despite the fact that many of these allegedly discriminatory acts are time-barred as individual causes of action. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). Whether these incidents as a whole provide a foundation strong enough to establish a prima facie case and therefore survive summary judgment, remains to be seen.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss in part, and denies it in part. The Court dismisses the retaliation claim and all individual claims for race and age discrimination occurring prior to the suspension of November 14, 2002. As to the Title VII hostile work environment claim, the Court denies the motion to dismiss this claim.

A separate order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, November 1, 2005.